The People of the State of Illinois, Plaintiff-Appellant, *v.* William Louis Brown, Defendant-Appellee.

(No. 11353; )

Fourth District—April 30, 1971.

Gary L. Hinman, State's Attorney, of Lincoln, (Everett B. Johnson, Assistant State's Attorney, of counsel,) for the People.

John F. McNichols, District Defender, of Springfield, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Sub-paragraph (e) of our "Speedy Trial" provision—par. 103—5, ch. 38, Ill. Rev. Stat. 1969—provides in part:

"If a person is simultaneously in custody upon more than one charge pending against him in the same county * * * he shall be tried * * * upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by sub-paragraphs (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered pursuant to Section 118—1 of this Act * * *."

Sub-paragraph (a) provides, so far as we are concerned, that a person in custody shall be tried within 120 days. [In (b), by demand, 160 days.] In discharging the defendant, the circuit court relied on sub-paragraph (a), rather than on (e) as the State's Attorney says it should have and he appeals to us to reinstate the charge.

Generally appeals involving this section involve a determination of whether the delay beyond the 120 day period was occasioned by the defendant and the facts themselves are sometimes in dispute, and even when they are not, oftentimes complicated. Understanding the factual situation here is not easy—but neither is it complicated. One hundred and twenty days had elapsed, but not one hundred and sixty, when defendant was discharged pursuant to sub-paragraph (a). Thus the question presented can be simply put: Does (a) or (e) control? The answer, as might be expected, comes harder, as we must interpret (e) for meaning—a task none too easy as we shall see.

Here, for (e) to be applicable at all, there must at the very least be multiple charges pending at the same time. We do have two charges, contributing to the delinquency of a minor (Offense I) and aggravated battery (Offense II). Offense I was charged on November 12, 1969, defendant pleaded guilty the same day and asked for probation. He was in custody at the time of the plea, but made the requisite deposit two days later on November 14 and was released. Three days later, on November 17, he was charged with Offense II and again taken into custody. He remained there this time. On December 17, probation was denied on Offense I and a sentence of one year followed. On April 2, 1970, while still in custody on the one year sentence, he was brought to Logan County for purposes of arraignment on Offense II (now an indictment). He moved for discharge, which was allowed, premised, as we have seen, on the 120 day rule. The circuit court reasoned that defendant was never in "simultaneous custody on the two charges pending in Logan County" and that sub-paragraph (e) was inapplicable, "and since the defendant was not brought to trial within 120 days of November 17, 1969", he was entitled to discharge.

■■ Sub-paragraph (e) upon scrutiny is not at all as clear as one might think or suppose from a first time fast reading. If we are to unlock its meaning, we must, as we know, read the paragraph with one eye on the words and the other on its object or purpose and together we will have the best guide there is. In short, we must read text *and* context. Reading it thusly, we do discern a meaning. It tells us, for one thing, that where there are multiple charges, one of them must be tried within 120 days and following its conclusion by judgment, the others within 160 days. This strikes us as a nice balancing of the respective interests of society and the individual. From society's point of view, it might be a sheer impossibility to bring multiple charges to trial within 120 days. On the other hand, it assures to the individual involved a scheduling for trial of such multiple charges.

With these discernments in mind, let us turn to the facts as given to

us. We can all agree that on November 12 there was only one pending charge—Offense I. While such offense went undisposed of in the sense of a par. 118—1 judgment, Offense II came into being on November 17. The question then is: Were there two charges pending against defendant on that date and thereafter for a month? The (e) sub-paragraph says, as we have seen, that where there are two (or more) *charges*, the first one must be brought to trial within 120 days and any remaining one within 160 days after the first has been concluded by a par. 118—1 judgment. Thus, if it can be said that there were two charges pending on November 17, the State was duty-bound to start the trial of the second one within at least 160 days following a judgment on the first. However, and this is crucial: On November 17 the necessity for a trial on Offense I had been eliminated by the plea of guilty!

*It seems to us that in that fact lies the answer in this case.* If Section (e) is to be applicable to an in-custody multiple charge situation, all of such charges by definition must be subject to being interdicted by the 120 day rule—this for the reason that the statute so provides—"prescribed by sub-paragraph (a) * * * of this Section", and if any one of such multiple charges are not so interdicted, then such charge is not a "charge" so far as sub-paragraph (e) is concerned. Offense I, here, was not interdicted by the (a) sub-paragraph on November 17. And there, in our opinion, lies the rub for the invocation of sub-paragraph (e) by the State. There was *not* while defendant was in custody "more than one charge pending against him". Even if he was not out on bond on Offense I on November 17, it would make no difference. There was no reason for the State's Attorney to be concerned about Offense I on that date or thereafter so far as the 120 day rule was concerned—this for the reason that it was not prescribed by the prescriptions of that rule. We take it that one can be in custody in excess of 120 days following his plea of guilty and awaiting disposition on his motion for probation—*at least if he is subject to discharge at some point in time it would not be by virtue of par. 103—5.* Looking at it another way, what if we did hold sub-paragraph (e) to be applicable—when would Offense II have to be tried? Within 160 days from the day of the denial of probation and sentencing? With no time running on Offense I after the plea, a defendant's day in court could be pushed way beyond the schedule seemingly set by (e). We must keep in mind the broad purpose of par. 103—5 as a whole—"Speedy Trial"—and the limited purpose of sub-paragraph (e).

■■ Because Offense I was not susceptible to the strictures of the 120 day rule, it did not impinge in any way on Offense II—both had their different timetables controlled by different criteria. Offense II was sub-

ject to the 120 day rule the minute defendant was taken into custody. Offense I was on an entirely different track with its own momentum. It was therefore not a "charge" within the meaning of (e), and if so, Offense II was indeed subject to being brought to trial "within 120 days" from November 17, 1969. It was not and the circuit court was right in discharging defendant as to this offense. The order appealed from is affirmed.

Order affirmed.

CRAVEN and TRAPP, JJ., concur.