THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RALPH M. REED, Defendant-Appellee.

(No. 12461; ▉▉▉▉▉▉▉▉▉▉▉▉)

Fourth District—June 26, 1975.

*Rehearing denied July 29, 1975.*

C. Joseph Cavanagh, State's Attorney, of Springfield (Wayne Golomb, Assistant State's Attorney, of counsel), for the People.

Robert Weiner, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Upon defendant's motion for discharge, the trial court dismissed an indictment charging theft, burglary and aggravated battery for the reason that defendant was not tried within 160 days as provided in section 103—5(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(e)). The prosecution appeals.

An information was filed as to such offensees on January 8, 1973, and

on January 12, defendant was released on his own recognizance. Counsel for defendant entered appearance on February 2, 1973, and filed demand for jury trial. The indictment was returned on June 6, 1973. On June 11, defendant was notified to appear for arraignment. His counsel then advised the State's attorney that defendant was serving a sentence in Vandalia. Defendant was returned for arraignment on July 5. The case was set for jury trial on September 10 with personal recognizance on the indictment to continue in effect. Defendant, however, was returned to Vandalia to complete his sentence.

On July 27, defendant filed a motion to dismiss the indictment with prejudice for failure to bring him to trial upon the indictment within 160 days, *i.e.*, by July 11, of his demand for a jury trial made February 2. Such motion was founded upon the provisions of section 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(a), (b)). Defendant argued the motion upon such theory on August 29.

While the proceedings do not otherwise appear in the record, the motion to dismiss sets out that on March 29, defendant entered pleas of guilty in the associate division to charges of driving without a valid license and while under the influence of intoxicating liquor. This record contains copies of the mittimus showing a sentence of 6 months for such offenses.

The trial court took the argued issues under advisement and filed a letter opinion on September 17, 1973. In such the court determined that the demand for a jury trial did not constitute a demand for a speedy trial upon the authority of *People v. Baskin*, 38 Ill.2d 141, 230 N.E.2d 208, and that such demand was not sufficient to require that defendant be brought to trial upon the felony within 160 days from February 2, 1973.

Having determined that the grounds for discharge stated in the motion and argued to the court would not authorize defendant's discharge, the court did not, however, deny the motion, but in his memorandum he examined the language of section 103—5(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(e)) [1] and concluded:

---

[1] "If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after a waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subparagraphs a and b of this Section. Such persons shall be tried upon all of the remaining charges thus pending within 160 days from the date on which the judgment relative to the first charge thus prosecuted is rendered pursuant to Section 118—1 of this Act or, if such trial upon such first charge is terminated without judgment and there is no subsequent trial of, or adjudication of guilt after waiver of trial of, such first charge

"* * * This defendant had two charges pending against him in Sangamon County at the same time. On March the 29th, 1973, he had a judgment relative to one charge entered against him and pursuant to Section 103—5 of Chapter 38, Illinois Revised Statutes, it was the duty of the State to try all of the remaining charges thus pending within 160 days from the date on which the judgment was thus entered. This trial was set for September the 10th, and the number of days that had expired from March 29, 1973 to that date is 165, which in the opinion of this court violates the defendant's right to a speedy trial."

We conclude that such determination was error by the court's own method of calculation. Defendant's motion was filed on July 27, the 120th day from the conviction upon the plea of guilty on March 29. We will not presume that the trial setting of September 10, 1973, could not have been advanced upon the motion of the State's attorney to permit trial within the remaining 40 days.

The trial court determined that upon defendant's release on bond it was not required that he be tried upon the felony charged under section 103—5(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(b)). In *People v. Brown*, 131 Ill.App.2d 992, 994, 269 N.E.2d 321, it was said that if sub-paragraph (e) is to be applicable, "all of such charges by definition must be subject to being interdicted by the 120 day rule * * *," for the statute so provides that the charges must be subject to trial upon expiration of the period prescribed in sub-paragraphs (a) and (b) and "if any one of such multiple charges are not so interdicted, then such charge is not a 'charge' so far as sub-paragraph (e) is concerned." Upon such rationale the court erred in discharging the defendant upon the authority of section 103—5(e).

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

SIMKINS, P. J., and SMITH, J., concur.

---

within a reasonable time, the person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which such trial is terminated; if either such period of either 160 days expires without the commencement of trial of, or adjudication of guilt after a waiver of trial of, any such remaining charges thus pending, such charge or charges shall be dismissed and barred for want of prosecution unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act * * *."