(No. 37957.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD ARBUCKLE, Plaintiff in Error.

*Opinion filed May 20, 1964.—Rehearing denied September 25, 1964.*

. JOHN R. SNIVELY, of Rockford, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN W. NIELSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant, Donald Arbuckle, was found guilty by a jury in the circuit court of Winnebago County of the offenses of escape and aiding escape and was sentenced to a term of not less than four years and 360 days, nor more than five years in the penitentiary and to a term of 270 days in the Illinois State Farm, said sentences to run consecutively. He has sued out a writ of error to review the convictions.

This case comes before us subsequent to January 1, 1964, the effective date of the new judicial article of our constitution, and our jurisdiction on direct appeal is, therefore, limited by that article which provides as follows: "Appeals from the final judgments of circuit courts shall lie directly to the Supreme Court as a matter of right only (a) in cases involving revenue, (b) in cases involving a question arising under the Constitution of the United States or of this State, (c) in cases of habeas corpus, and (d) by the defendant from sentence in capital cases. Subject to law hereafter enacted, the Supreme Court has authority to pro-

vide by rule for appeal in other cases from the circuit courts directly to the Supreme Court." Const. of Ill., art. VI, sec. 5, as amended Jan. 1, 1964.

In the case at bar defendant seeks a reversal of his convictions on the grounds (1) that he was denied his constitutional right to demand the nature and cause of the accusation against him because the indictment was faulty; (2) that he was denied his constitutional right to a speedy trial; (3) that the trial court erred in the admission of evidence, and (4) that the evidence was insufficient to sustain the conviction. Only the first two grounds could conceivably sustain this court's jurisdiction on direct appeal, and then only if they constitute questions arising under the constitution of the United States or of this State.

To determine if we have jurisdiction of this cause on direct review we must, therefore, consider in greater detail the first two grounds for reversal urged upon us. The indictments charged the defendant with escape in the language of the statute, (Ill. Rev. Stat. 1957, chap. 38, par. 228b,) alleging that the defendant, on February 20, 1958, being then and there a prisoner in the county jail of Winnebago County, Illinois, at Rockford, Illinois, and lawfully detained therein did escape while he stood convicted of the crime of statutory rape, a felony, while awaiting the sentence of the circuit court of said county for said felonious crime. The indictment charging the crime of aiding escape set out the crime in even greater particularity. We upheld an indictment in substantially the same form in *People* v. *Hill,* 17 Ill.2d 112, when we stated that the indictment, "unmistakably informed the defendant of the precise offense with which he was charged." This allegation of error raises no real question of defendant's constitutional right "to be informed of the nature and cause of the accusation." Const. of U.S., amendment VI; Const. of Ill. art. II, sec. 9.

Defendant escaped from jail on February 20, 1958. He was recaptured the following day, and was immediately

sentenced to the penitentiary on the conviction of statutory rape. He was not charged or held under a charge of escape or aiding to escape until his indictment by the grand jury on April 14, 1958. He was promptly tried on such charges on June 23, 1958. The fact that defendant was previously committed for a separate and distinct crime is immaterial. Under these circumstances and having been tried little more than two months after his indictments for escape and aiding escape, he was obviously not deprived of his constitutional and statutory right to a speedy trial. Const. of Ill., art. II, sec. 9; Ill. Rev. Stat. 1957, chap. 38, par. 748; *People* v. *Hill,* 17 Ill.2d 112, 120.

We, therefore, conclude that defendant has raised no fairly debatable constitutional issue to give this court jurisdiction and this cause is transferred to the Appellate Court of Illinois for the Second District.

*Cause transferred.*