The People of the State of Illinois, Plaintiff-Appellant, *v.* Sherman Akins, Defendant-Appellee.

(No. 71-14;

Third District—May 21, 1971.

William J. Scott, Attorney General, of Springfield, and Edward P. Drolet, State's Attorney, of Kankakee, (Thomas J. Immel, Assistant Attorney General, of counsel,) for the People.

Leonard F. Sacks, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Sherman Akins on November 18, 1969, and prior thereto was held for trial in the County Jail of Will County, Illinois, on the charges of armed robbery in Will County. On November 18, 1969, a complaint was filed in Kankakee County charging Sherman Akins with commission of offenses of armed robbery and aggravated battery. A warrant was issued by a magistrate in Kankakee County upon the complaint on the same day. A deputy sheriff of Kankakee County thereupon telephoned the office of the sheriff of Will County and on the same day mailed a letter to the sheriff of Will County enclosing the warrant and requesting that it be lodged as a "detainer" and requesting, that, when defendant could be released, the Kankakee County sheriff be notified so that he could come and pick him up.

Thereafter, on January 26, 1970, the Will County charge of armed robbery was nolle prossed and on January 27, 1907, defendant was produced before a magistrate in Kankakee County on the Kankakee County charge. Indictment was returned on March 4, 1970. Defendant thereafter made a motion to dismiss on the ground that defendant's rights under the Sixth Amendment to the Federal Constitution and under Article II of Paragraph 9 of the Constitution of the State of Illinois, and under 1969 Illinois Revised Statutes, ch. 38, par. 103—5, had been violated. It was asserted that more than 120 days had elapsed since the detainer was placed against defendant Sherman Akins, and that, therefore, he was required to be discharged and the cause dismissed. The trial court in Kankakee County thereupon allowed the motion and ordered defendant discharged.

The People of the State of Illinois appeal to this Court under Supreme Court Rule 604(a) [1969 Illinois Revised Statutes, ch. 110A, par. 604(a)]. Under the terms of the Federal and State Constitutions, defendant is entitled to a "speedy trial". In Illinois, the legislature (1969 Illinois Re-

vised Statutes, ch. 38, par. 103—5) adopted an act designed to expedite trials for criminal defendants. In that act there is a specific provision that every person "in custody" in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by defendant or for other reasons not material to our consideration in this case. The act also provides that if a person is simultaneously in custody upon more than one charge pending against him in the same County he shall be tried, or adjudged guilty after waiver of trial upon at least one such charge before expiration of the 120-day period referred to. Such person thereafter is to be tried upon all remaining charges pending within 160 days from the day upon which judgment relative to the first charge prosecuted is rendered.

The question specifically before this Court is when, and under what circumstances, the statutory period of 120 days begins to run. In *People v. Clark,* 104 Ill.App.2d 12, this Court had occasion to consider a case involving some aspects of the instant case. In that case, after considering *People v. Jones,* 33 Ill.2d 357, 211 N.E.2d 261, and *People v. Stillwagon,* 373 Ill. 211, 25 N.E.2d 792, this Court concluded that the logic and rationale of those cases was to the effect that defendant could not have been in custody for the crime for which he sought discharge even though the police had placed a "hold" or detainer request with the Peoria sheriff. We stated in the *Clark* case, at page 20:

"Where, as here, a defendant is in custody awaiting trial in one county and there is a charge pending against him in another county, we believe he cannot be deemed to be in custody for the latter offense until such time as the proceedings against him in the first county are terminated and he is then either returned to, or held in custody for, the second county. Any other construction would embarrass and harass the effective administration of criminal justice and would tend to favor an accused who is in custody of one county for a crime, but has formal charges pending against him, for which hold or detainer orders have been placed in several counties. Such an absurd result could not have been intended by the legislature when section 103—5(a) was enacted. Further, it would seem that if one county is to be allowed 120 days in which to prosecute an accused who is in custody for an alleged offense, another county should have an equal amount of time, notwithstanding that its charge against the same accused has been concurrently pending while the case in the first county was being disposed of."

Following the *Clark* case, in *People v. Mikrut,* 117 Ill.App.2d 444, the Appellate Court of the Second District had occasion to consider precisely

the problem which is before us. In the *Mikrut* case, the People also appealed from an order discharging defendant from custody pursuant to a motion by defendant charging denial of a speedy trial under the provisions of par. 103—5 herein referred to. Defendant there was arrested in Cook County on charges of possession of burglary tools and driving with a suspended license, and he was held in the Cook County jail. On or about the same date in Du Page County, the Police Department placed a complaint and warrant with the Cook County jail authorities, charging defendant with burglary in Du Page County, which adjoins Cook County. The complaint and warrant were not served upon defendant. He was told, however, by the Cook Cunty authorities that they had a "hold" on him from Du Page County. Defendant was brought before the court in Du Page County for the first time on January 10, 1969, when he was served with an indictment returned by the Du Page County Grand Jury on September 19, 1968. Thereafter a motion to be discharged was made by defendant pursuant to par. 103—5(a) as indicated. The issue, therefore, raised by the appeal was whether the 120-day rule began to run on the date the Du Page County burglary complaint and warrant was placed with Cook County, but was not served on defendant who was being held on a separate Cook County charge.

The court in the *Mikrut* case concurred with the analysis and. conclusion in the *Clark* case. The court specifically stated that the practice of placing formal requests for notification of a prisoner's release date (characterized as "hold" orders or "detainers") was apparently without any legal sanction in Illinois but appears to be a matter of voluntary practical cooperation between authorities to allow apprehension of persons charged with crimes. The court points out that there was no actual service of process on defendant as is true in the instant case. The court, therefore, concluded, at page 450:

"* * * we know of no theory on which it may be said that defendant was 'in custody' on the Du Page County charge by reason of the detainer practice."

The court also observed, and we agree, that while unrestrained use of detainers should be criticized when indictments are delayed until time is served on a different charge, the problem is not the same when a defendant is merely awaiting trial with the knowledge that he may face another trial in some other place upon termination of the proceedings and, that, too, must be a "speedy trial". While there is some merit in the argument that detention in any county is for the benefit of the State as a whole, and that an abuse of the detention of defendant should not be countenanced where it is unreasonably applied in a series of instances, we agree with the *Mikrut* court that there was no abuse of

detention in this case and conclude that defendant in the cause before us was not placed "in custody" on the Kankakee County charge on the date the complaint and warrant were simply filed with the Sheriff of Will County. We likewise agree with the *Mikrut* court that the statute providing for the commencement of the period of 120 days began when the Kankakee County authorities took defendant from Will County on the complaint and warrant. When that was done, defendant was "in custody" on the Kankakee County charge.

■■■ The determination of the "speedy trial" problem is not rigidly tied to a yardstick based on a certain number of days. We believe the general standard was well expressed in *United States v. Ewell*, 383 U.S. 116, 120, 15 L.Ed.2d 627, 631, 86 S.Ct. 773, 776 (cited with approval in *People v. Young*, 46 Ill.2d 82, 236 N.E.2d 72,. 85):

" 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' * * * 'Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon circumstances * * *. The delay must not be purposeful or oppressive,' * * * 'The essential ingredient is orderly expedition and not mere speed.' "

■■ Under the circumstances presented in the cause before us, therefore, we believe that the trial court erred in allowing the motion and in discharging defendant. We note that this was not a case in which defendant was serving a term in prison and available for immediate prosecution such as in *People v. Gray*, 83 Ill.App.2d 262, nor was it a situation where defendant's rights have been "frittered away by technical evasion" as stated in *People v. Fosdick*, 36 Ill.2d 524, 528. Delay in the instant case was clearly not "purposeful or oppressive".

The judgment of the Circuit Court of Kankakee County is, therefore, reversed and this cause is remanded to such court for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.