THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD A. KERLEY, Defendant-Appellant.

Second District    No. 77-555

Opinion filed June 14, 1979.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was convicted of burglary in a bench trial and sentenced to a term of two years probation with the first 180 days as jail time. He appeals, contending only that he was denied his statutory right to a speedy trial. Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a)(e).

The facts bearing on the speedy trial issue are stipulated. Defendant was arrested on March 28, 1977, by the Elk Grove police and sent to the Cook County jail when he was unable to make bond. A detainer was lodged by the village of Glen Ellyn against the defendant at the Cook County jail on March 30, 1977. On April 7, 1977, defendant entered pleas to several of the charges pending against him in Cook County and other charges in Cook County were then dismissed, thus making a complete disposition of all cases that he had pending in Cook County. Defendant was given a sentence of 30 days with credit for time served and was thereupon released on April 22. On the same date he was arrested and served with a complaint and warrant by the Du Page County authorities and brought to the Du Page County jail. On August 9, 1977, defendant moved for dismissal, the motion was denied, and the defendant was thereupon tried and convicted.

Defendant argues that the statutory 120-day period commenced April 7, 1977, the date the charges pending against defendant in Cook County were "disposed of" by the judgment of conviction on his guilty plea and the sentence. The State argues that the term commenced on April 22, 1977, the date defendant was returned to Du Page County.

■■ Section 103—5 of the Code of Criminal Procedure 1963 provides:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having juridiction within 120 days from the date he was taken into custody * * * "(Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a).)

While it is clear that the 120-day period within which the accused must be tried begins to run on the date he is taken "into custody" in connection with the subsequently prosecuted charges (*e.g., People v. Jones,* 33 Ill. 2d 357, 360 (1965)), the more incisive question is when the prosecuting authority is deemed to have taken one "in custody" within the meaning of the statute.

The trial judge relied on his reading of this court's opinion in *People v. Mikrut,* 117 Ill. App. 2d 444 (1969), in denying the defendant's motion for discharge. In *Mikrut,* the defendant was arrested on a Cook County charge. Thereafter, Du Page County officials charged him with a burglary in Du Page County, a detainer was placed with the Cook County officers, which was then held. We concluded that Mikrut was not "in custody" in Du Page County at the time the detainer was lodged with the Cook County officials but only when Du Page County took Mikrut from the Cook County jail on the basis of the Du Page County complaint and warrant. Mikrut and this defendant were similarly situated when each had charges pending against him in another county. At that point Du Page County could not have required the Cook County authorities to deliver the defendant to Du Page County to stand trial in Du Page County since the Cook County case was still pending; therefore it was necessary to consider the defendant "in custody" solely on the Cook County charge even though a detainer warrant had been filed earlier. See *People v. Clark,* 104 Ill. App. 2d 12, 22 (1968); *People v. Mikrut,* 117 Ill. App. 2d 444, 450 (1969).

At this point the similarity between *Mikrut* and this defendant ends, in our view. As soon as the defendant Kerley had been convicted on his plea of guilty, which was on April 7, 1977, no obstacle existed to trying the defendant in Du Page County and he could therefore be considered "in custody" of Du Page County by reason of the detainer warrant without regard to whether it had been actually served upon him on that date. *People v. Gray,* 83 Ill. App. 2d 262, 271 (1967); *People v. Mikrut,* 117 Ill. App. 2d 444, 450 (1969).

The State argues that the holding county might refuse to cooperate with the demanding county by not notifying it of the date the trial proceedings were terminated and that it would place too great a burden on the demanding county to check on the status of what could be protracted pretrial and trial proceedings. The same problem could follow, however, at the time of discharge in the holding county and it does not appear any more onerous for the demanding county to check from time to time on the disposition of charges than on the completion of sentences. Moreover, there is no current authority for the State's position that the statutory period for prompt trial does not commence until

discharge from a sentence. See *People v. Fosdick*, 36 Ill. 2d 524, 528 (1967); *People v. Gray*, 83 Ill. App. 2d 262, 269 (1967).

■ We conclude that Du Page County authorities were under a duty to bring the charge to trial within 120 days from the termination of the Cook County proceedings by the entry of the judgment of conviction and sentence, at which time the defendant began to be "held" on the Du Page County detainer warrant. We therefore reverse the judgment and remand the cause to the trial court with directions to vacate its order denying the motion for discharge and to enter its judgment discharging the defendant.

Reversed and remanded with directions.

GUILD, P. J., and RECHENMACHER, J., concur.