THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ELTON HOLLOWELL, Defendant-Appellant.

Second District   No. 78-517

Opinion filed November 20, 1979.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Elton Hollowell, after a bench trial, was convicted of theft of property valued at more than $150. He was sentenced to a term of not less than three nor more than nine years imprisonment, to be served concurrently with a sentence imposed after revocation of probation in an unrelated case. He appeals, contending that he was not tried on the charge before us within the limits of the speedy-trial statute. Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a).

Defendant was charged by complaint on January 3, 1978, and apprehended on January 7. He posted bond the following day, but on January 20, 1978, a hearing was held on a petition to revoke defendant's probation in a separate case. At the conclusion of that hearing defendant's probation was revoked, and he was ordered held without bond pending sentencing. Defendant was thereafter sentenced to a term of from three to nine years in the Department of Corrections. Although there is nothing in the record to show that the mittimus was stayed, defendant was not transferred to the Department of Corrections but was instead retained in

custody in the Du Page County jail. On March 7, 1978, a preliminary hearing was held with respect to the instant theft offense, at which time defendant filed a demand for speedy trial. At the conclusion of the preliminary hearing, in which the trial court found probable cause, defendant was ordered released on his own recognizance with respect to the theft charge but remained in confinement due to the sentence imposed following revocation of his probation. On July 14, 1978, defendant moved for discharge based on the State's failure to bring him to trial in compliance with the speedy-trial statute. The motion was denied, and the case was tried on July 25, 1978.

In issue is whether defendant was "simultaneously in custody upon more than one charge pending against him in the same county," which would permit trial "upon at least one such charge" within 120 days from the date he was taken into custody, and on the "remaining charges" within 160 days from the date on which the first trial is terminated. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(e).) The resolution of this issue is, in turn, dependent on whether a petition to revoke probation is a "charge" within the purport of the speedy-trial statute. We conclude that it is not.

This court has previously held that the speedy-trial statute was not intended to be imported into the statutory scheme for probation violation hearings since the legislature had not seen fit to treat trials and revocation hearings in the same way. (*People v. Williams* (1973), 10 Ill. App. 3d 428, 430.) In *Williams*, we made reference to section 117—3(b) of the Code of Criminal Procedure of 1963 then applicable which provided that a hearing must be held within a reasonable time after the apprehension of the probationer on the issue of the alleged violation of probation. (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(b).) Subsequently section 117—3(b) was repealed, and the subject matter was transferred to section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—4(b)). The statute presently provides that where an offender remains incarcerated as a result of his alleged violation of the court's earlier order of probation a hearing shall be held within 14 days of the incarceration. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(b).) The legislative history serves to reinforce the view that probation revocation matters shall be treated differently than criminal charges.

Under section 103—5(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(e)) it has been held that where multiple charges are involved, as to one in custody, "all of such charges * * * must be subject to being interdicted by the 120 day rule * * * and if any one of such multiple charges are not so interdicted, then such charge is not a 'charge' so far as subparagraph (e) is concerned." *People v. Brown* (1971), 131 Ill. App. 2d 992, 994.

We therefore conclude that defendant must have been tried within 120 days from the time he was "in custody" on the felony theft charge. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(a).) We have held that the determination of a date upon which a defendant is to be considered "in custody" depends on whether any obstacle existed to trying the defendant in the particular county. (*People v. Kerley* (1979), 72 Ill. App. 3d 916, 918.) Defendant was sentenced on the unrelated charge on February 24, 1978. At that point the only "charge" pending against him was that of felony theft and defendant was in fact then in the Du Page County jail. Thus, he was in custody in Du Page County in connection with this offense on February 24, 1978, and the State was required to try him under the facts in this record within 120 days thereafter. It is conceded that he was not tried within that period and he was therefore entitled to be discharged.

The judgment is reversed and the cause remanded with directions to the trial court to vacate its order denying the motion for discharge and to enter judgment discharging the defendant as to the theft charge before us.

Reversed and remanded with directions.

LINDBERG and NASH, JJ., concur.