THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID V. SWAFFORD, Defendant-Appellant.

Second District No. 83—510

Opinion filed May 17, 1984.

G. Joseph Weller and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

Eugene L. Stockton, State's Attorney, of Mt. Carroll (Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

After a bench trial, the defendant, David Swafford, was convicted of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a)) and was sentenced to a 25-year term of imprisonment. On appeal, the defendant contends that his statutory right to a speedy trial (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)) was violated because he was not tried within 120 days from the date he was taken into custody for the instant offense.

On June 24, 1982, a warrant was issued in Lee County, Illinois, for the arrest of the defendant for armed robbery. A complaint, which was filed the next day, charged Swafford with committing an

armed robbery in Dixon, Illinois. The arrest warrant was filed in Lee County on June 29, 1982. The "Return of Service" portion of the warrant stated that Detective Robert Short had executed the warrant by arresting the defendant.

The Dixon police department received a telephone call on June 23 or 24, 1982, from the sheriff's department in Iroquois County, Illinois, conveying the message that the defendant had been arrested for burglary and was being held in custody in that county. Detective Robert Short of the Dixon police department informed the Iroquois sheriff's department of the existing Lee County arrest warrant and advised the sheriff's department that the Dixon police were placing the warrant against Swafford as a detainer. Short and Detective Kavanaugh traveled to Iroquois County several days later and informed Swafford that he was under arrest.

On July 13, 1982, Iroquois County voluntarily relinquished custody of the defendant to Lee County. On the following day, the sheriff of Lee County produced the defendant in open court in the present case. Swafford was given a copy of the complaint and was advised of the nature of the charge, the possible penalties, and his constitutional rights. The court also appointed the public defender to represent the defendant and then set bond. The cause was continued to July 19, 1982, for a preliminary hearing, and Swafford was remanded to the custody of the sheriff of Lee County.

The defendant appeared in court as scheduled on July 19. The court conducted the preliminary hearing and made a finding of probable cause. The cause was continued to July 26, 1982, for arraignment, and the defendant was remanded. The State filed the information two days after the preliminary hearing, on July 21.

On July 20, 1982, the defendant filed a motion for discovery. Six days later, on July 26, the court conducted the arraignment. The defendant entered a plea of not guilty and requested a jury trial; the court continued the matter until August 9, 1982. During the interim, the State filed its own motion for discovery and its answer to the defendant's earlier discovery motion. On August 9, the cause was continued again, until August 20, 1982. On August 16, the defendant filed an answer to the State's motion for discovery.

On August 11, 1982, the defendant was returned to the custody of Iroquois County. The burglary prosecution in Iroquois County was concluded on November 22, 1982, when Swafford was sentenced to a six-year term of imprisonment as a result of his burglary conviction.

No further action was taken in the present case until December

16, 1982, when the court, in response to the State's petition, issued a writ of *habeas corpus ad prosequendum*, which directed the warden of the Pontiac Correctional Center to produce the defendant for a hearing on December 21, 1982. Swafford appeared in court on that date pursuant to the writ, and the court continued the cause to March 21, 1983, for a jury trial.

On May 18, 1983, the defendant filed a *pro se* motion to dismiss the cause for violation of his statutory right to a speedy trial under section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)). The motion to dismiss was presented and heard three days later, after the defendant: (1) appeared in court pursuant to a second writ of *habeas corpus ad prosequendum*, which the trial court issued as a result of the State's petition, and (2) waived his right to a jury trial.

After hearing arguments relative to the motion to dismiss, the court denied the defendant's motion, ruling that the speedy-trial term had not begun to run until the proceedings in Iroquois County were terminated on November 22, 1982, and that less than 120 days had passed since then.

That same day the cause proceeded to a bench trial based upon stipulated evidence. Based on the facts to which the parties had stipulated, the court found the defendant guilty of armed robbery and entered judgment on that finding. After holding the requisite sentencing hearing on May 26, 1983, the court below sentenced the defendant to a 25-year term of imprisonment.

The defendant filed a post-trial motion that same day in which he alleged, among other matters, that the trial court erred in denying his motion to dismiss the cause for a violation of his statutory right to a speedy trial; the trial court denied this post-trial motion. Thereafter, the defendant filed a timely notice of appeal.

The single issue before this court revolves around the question of when is a defendant deemed to be in custody for purposes of the commencement of the 120-day speedy-trial term (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)) in circumstances where he faces charges which are pending simultaneously in two Illinois counties.

Relying primarily upon *People v. Mikrut* (1969), 117 Ill. App. 2d 444, and the plain language of section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)), the defendant contends that he was in the custody of Lee County on July 13, 1982, when Iroquois County voluntarily relinquished him to Lee County. Pointing out that more than 250 days elapsed from July 13 to the defendant's trial on March 21, 1983,

Swafford concludes that his motion to dismiss this cause should have been granted because his trial in Lee County did not commence within 120 days of the date he was taken into custody, in violation of the express provisions of section 103—5(a).

The State ripostes that the 120-day speedy-trial term did not begin to run until the judicial proceedings were terminated in Iroquois County on November 22, 1982, which was less than 120 days before the defendant's trial in Lee County on March 21, 1983. Inherent in the People's position is its belief that the defendant was not in the "custody" of Lee County, as that term is used in section 103—5(a), prior to the time the judicial proceedings closed in Iroquois County.

Section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)) provides, in relevant part, that:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***."

It is manifest that the 120-day period set forth in section 103—5(a) begins to run on the date the defendant is taken "into custody" for the offense for which discharge is sought. (*People v. Davis* (1983), 97 Ill. 2d 1, 11; *People v. Woodruff* (1981), 88 Ill. 2d 10, 14-15.) In addition, section 103—5(d) of the Code prescribes that every defendant not tried within the 120-day rule of section 103—5(a) "shall be discharged from custody." Ill. Rev. Stat. 1981, ch. 38, par. 103—5(d); *People v. Fosdick* (1967), 36 Ill. 2d 524, 526.

In *People v. Davis* (1983), 97 Ill. 2d 1, our supreme court recently addressed the same issue which is presently before this court in circumstances which we find indistinguishable from the facts of the current case. In *Davis*, the defendant was in custody in St. Clair County jail awaiting trial and sentencing relative to pending murder charges. Pursuant to a writ of *habeas corpus ad prosequendum*, the sheriff of that county delivered the defendant to Madison County, where the accused was served with an arrest warrant for an unrelated offense. That same day he was arraigned; a preliminary hearing was held; an attorney was appointed to represent him; the defendant filed a demand for a speedy trial; and the trial date was established. The defendant was then returned to St. Clair County, where he remained, except for a brief reappearance in Madison County, until the proceedings were concluded in St. Clair County. After the termination of the case in St. Clair County, the defendant was returned to Madison County, pursuant to a writ of *habeas cor-*

*pus ad prosequendum*, for trial there. The defendant in *Davis* argued that he was in custody in Madison County from the time he was brought there on a writ of *habeas corpus ad prosequendum* and served with an arrest warrant for the Madison County charge. The State maintained that the defendant was not in custody with respect to the Madison County offense until the proceedings in St. Clair County were concluded.

The court in *Davis* determined that the defendant was not in custody for the Madison County offense until the proceedings against him in St. Clair County had been terminated. (97 Ill. 2d 1, 14.) In reaching its result, the court recognized that there was a vast body of decisions from the appellate court which had concluded that where a defendant is in custody awaiting trial in one county and has a charge pending against him in a second county, the accused cannot be deemed to be in custody for the latter offense until the proceedings against that person in the first county are terminated and he or she is then returned to, or held in custody for, the second county (*People v. Hatch* (1982), 110 Ill. App. 3d 531, 534; *People v. Wentlent* (1982), 109 Ill. App. 3d 291, 297; *People v. Gardner* (1982), 105 Ill. App. 3d 103, 109-12; *People v. Evans* (1979), 75 Ill. App. 3d 949, 952; *People v. Kerley* (1979), 72 Ill. App. 3d 916, 918; *People v. Karr* (1979), 68 Ill. App. 3d 1040, 1047; *People v. Clark* (1968), 104 Ill. App. 2d 12, 20). (*People v. Davis* (1983), 97 Ill. 2d 1, 13; see also *People v. Holman* (1983), 115 Ill. App. 3d 60, 63.) The supreme court also emphasized that this precept obtains even in situations where, as in the case now before this court, the defendant was brought temporarily before the court in the second county and then was returned to the first county for further proceedings. *People v. Davis* (1983), 97 Ill. 2d 1, 13; accord, *People v. Holman* (1983), 115 Ill. App. 3d 60, 63; *People v. Hatch* (1982), 110 Ill. App. 3d 531, 534; *People v. Wentlent* (1982), 109 Ill. App. 3d 291, 297; *People v. Gardner* (1982), 105 Ill. App. 3d 103, 111.

The supreme court in *Davis* agreed with the holdings of the appellate court cases cited in the preceding paragraph and adopted the following rationale from one of them in support of its conclusion that the speedy-trial provisions of section 103—5(a) began to run from the time the proceedings were terminated in St. Clair County:

> " 'Any other construction would embarrass and harass the effective administration of criminal justice and would tend to favor an accused who is in custody of one county for a crime, but has formal charges pending against him, for which hold or detainer orders have been placed in several counties. Such an

absurd result could not have been intended by the legislature when section 103—5(a) was enacted. Further, it would seem that if one county is to be allowed 120 days in which to prosecute an accused who is in custody for an alleged offense, another county should have an equal amount of time, notwithstanding that its charge against the same accused has been concurrently pending while the case in the first county was being disposed of.'" (*People v. Davis* (1983), 97 Ill. 2d 1, 13-14, quoting *People v. Clark* (1968), 104 Ill. App. 2d 12, 20; see *People v. Hatch* (1982), 110 Ill. App. 3d 531, 536; *People v. Karr* (1979), 68 Ill. App. 3d 1040, 1047.)

The *Davis* court also noted that it would be anomalous to require that separate charges in different counties must all proceed to trial within 120 days in light of the fact that, where a defendant is in custody relative to more than one charge in the same county, the State is provided additional time in which to proceed with the prosecutions (see Ill. Rev. Stat. 1981, ch. 38, par. 103—5(e)). *People v. Davis* (1983), 97 Ill. 2d 1, 13; accord, *People v. Hatch* (1982), 110 Ill. App. 3d 531, 536.

Although he recognizes the rule of law set forth in *People v. Davis* (1983), 97 Ill. 2d 1, as first enunciated in the appellate decisions upon which the *Davis* case relied, the defendant attempts to distinguish *Davis* and a number of other opinions on the ground that there, unlike here, the defendants were transferred from the first county to the second county pursuant to a writ of *habeas corpus ad prosequendum*, a procedure which, the defendant asserts, recognizes that custody remains in the first county (*cf. People ex rel. Lucey v. Kersten* (1915), 269 Ill. 597, 601 (a writ of *habeas corpus ad testificandum* does not have the effect of taking the prisoner out of the custody of the officer or institution which has charge of him)). As a consequence, the defendant concludes that because Iroquois County relinquished custody of him to Lee County on July 13, 1982, on a voluntary basis rather than pursuant to a writ of *habeas corpus ad prosequendum*, Iroquois County lost custody to Lee County at that time; hence, the defendant argues, the speedy-trial term began to run in Lee County at the time of the voluntary transfer of custody.

In addressing the defendant's contention, we point out first, that neither *People v. Davis* (1983), 97 Ill. 2d 1, nor the relevant appellate opinions (*e.g., People v. Holman* (1983), 115 Ill. App. 3d 60; *People v. Hatch* (1982), 110 Ill. App. 3d 531; *People v. Gardner* (1982), 105 Ill. App. 3d 103) expressly limited their rationale or deci-

sions to circumstances where the transfer from the first county to the second one was accomplished pursuant to a writ of *habeas corpus ad prosequendum*. Although writs of *habeas corpus ad prosequendum* were employed in those cases, the courts' analyses and results were not grounded in any significant way upon the procedure that was utilized to bring the defendants temporarily from the first to the second county.

Secondly, we agree with the State that to adopt the position which the defendant advances here would exalt form over substance. In the present case, the prosecutor stated, during argument relative to the defendant's motion to dismiss the cause for violation of his statutory right to be tried within 120 days, that Iroquois County voluntarily relinquished custody of the defendant to Lee County on July 13, 1982, so that Lee County could begin criminal proceedings against the defendant; that those preliminary procedures were concluded on August 11, 1982; that Iroquois County was notified that Lee County had arraigned the defendant and that a trial date would be set in the future; and that Iroquois County then took physical custody of the defendant again. In effect, the procedure which Lee County employed in this case is similar in substance to that which the noncustodial counties utilized in those cases involving the use of writs of *habeas corpus ad prosequendum*. Here, as occurred in the cases cited in the previous paragraph, the custodial county relinquished control over the defendant temporarily so that Lee County could initiate the preliminary steps in its criminal proceedings against the defendant. (See *People v. Hatch* (1982), 110 Ill. App. 3d 531, 536.) However, because Iroquois County's interest in prosecuting the defendant first was paramount (*cf. People v. Kerley* (1979), 72 Ill. App. 3d 916, 918, and *People v. Clark* (1968), 104 Ill. App. 2d 12, 22 (second county could not require first county to relinquish the defendant to stand trial in second county because first county's case was still pending)), the defendant was returned to that county. Given these circumstances, the defendant's attempt to distinguish *Davis* and the appellate cases upon which it relied must fail. Thus, the 120-day speedy-trial term did not begin to run in Lee County until Iroquois County terminated its criminal proceedings against the defendant on November 22, 1982. See, *e.g., People v. Davis* (1983), 97 Ill. 2d 1; *People v. Holman* (1983), 115 Ill. App. 3d 60; *People v. Hatch* (1982), 110 Ill. App. 3d 531; *Peopel v. Gardner* (1982), 105 Ill. App. 3d 103.

The defendant also argues that the present case falls within the ambit of *People v. Mikrut* (1969), 117 Ill. App. 2d 444. The narrow

issue framed in *Mikrut* was whether the 120-day term commenced when the complaint and warrant were lodged in the first county, or whether the statutory term started when the defendant was brought to the second county and served with the indictment. (117 Ill. App. 2d 444, 446.) The court determined that the 120-day term began to run when the defendant was taken from the first to the second county. *Mikrut* stands for the proposition that the lodging of a detainer with the first county does not cause the speedy-trial term to commence in the second county. (See *People v. Kerley* (1979), 72 Ill. App. 3d 916, 918.) *Mikrut* did not adjudicate the issue which is presently before this court—whether the speedy-trial term began at the time the defendant was brought temporarily into the second county, or whether it commenced only after the judicial proceedings in the first county had terminated.

Parenthetically, we also note that *People v. Fosdick* (1967), 36 Ill. 2d 524, upon which the defendant places partial reliance, is inapposite here. See, *e.g., People v. Davis* (1983), 97 Ill. 2d 1, 11-13; *People v. Hatch* (1982), 110 Ill. App. 3d 531, 535; *People v. Gardner* (1982), 105 Ill. App. 3d 103, 109-10; *People v. Clark* (1968), 104 Ill. App. 2d 12, 20-21.

In summary, it is clear that, with respect to the 120-day speedy-trial provision of section 103—5(a) of the Code, the defendant was taken "into custody" in Lee County on November 22, 1982, after Iroquois County had concluded its judicial proceedings against him. (See *People v. Davis* (1983), 97 Ill. 2d 1, 13-14; *People v. Holman* (1983), 115 Ill. App. 3d 60, 63-64; *People v. Hatch* (1982), 110 Ill. App. 3d 531, 534-36; *People v. Gardner* (1982), 105 Ill. App. 3d 103, 110-12; *People v. Kerley* (1979), 72 Ill. App. 3d 916, 917-19; *People v. Karr* (1979), 68 Ill. App. 3d 1040, 1046-47; *People v. Clark* (1968), 104 Ill. App. 2d 12, 19-22.) Because less than 120 days expired between the date the speedy-trial term commenced (November 22) and the eventual date of the defendant's trial (March 21, 1983), the defendant's statutory right to a speedy trial under section 103—5(a) was not violated.

The judgment of the trial court is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.