THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES S. CLINARD, Defendant-Appellant.

Fourth District    No. 4—92—0292

Opinion filed March 11, 1993.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Following a stipulated bench trial in the circuit court of McLean County, defendant Charles Clinard was found guilty of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4). He was sentenced to two years' imprisonment, to be served consecutively with another two-year sentence previously imposed as a result of his probation being revoked. Defendant appeals, claiming (1) the trial court erred in denying his motion to dismiss under the speedy-trial statute (Ill. Rev.

Stat. 1991, ch. 38, par. 103—5); and (2) he is entitled to an additional 16 days' sentence credit for time previously served in custody.

On May 25, 1991, defendant was arrested for the charge underlying this case and posted bond on June 10, 1991. On June 25, 1991, he failed to appear at his scheduled hearing, and a warrant was issued for his arrest. A petition was also filed to revoke probation on a conviction for an unrelated offense. On August 18, 1991, defendant was arrested in Florida on charges of burglary and theft. He was sentenced to time served, 40 days in the county jail, and two years' unsupervised probation. He was returned to Illinois on October 16, 1991. He admitted the allegations in the petition to revoke probation and, on November 21, 1991, was sentenced to two years in the Illinois Department of Corrections (DOC). A trial date on the charge in the case at hand was set for January 16, 1992, but was continued at the request of the State. On February 18, 1992, a trial date was set for March 3, 1992. On that date defendant moved to dismiss, claiming he had been in continuous custody since October 16, 1991, a total of 139 days.

■ Section 103—5(e) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(e)) provides that if a person is simultaneously in custody upon more than one charge pending against him in the same county, such person shall be tried upon all remaining charges within 160 days from the date on which judgment is rendered on the first charge prosecuted. In this case, defendant was prosecuted and had judgment rendered on his probation revocation as of November 21, 1991, and was tried for the remaining charge on March 3, 1992. Defendant contends, however, that under the ruling in *People v. Hollowell* (1979), 78 Ill. App. 3d 515, 397 N.E.2d 245, revocation of probation is not a "charge" for purposes of section 103—5(e) of the Code. Accordingly, defendant argues that the 120-day limit of section 103—5(a) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(a)) should be applied and the present action dismissed. We disagree.

Our court faced a similar issue in *People v. Jackson* (1987), 162 Ill. App. 3d 476, 515 N.E.2d 390, where defendant was charged on March 10, 1986, with aggravated assault and unlawful use of a weapon. An arrest warrant was issued but not served upon defendant. At the time of the offense defendant was on parole, and his parole officer was notified. On March 23, 1986, defendant turned himself in, his parole was revoked, and he remained in custody in the DOC to serve out his parole term. On July 25, 1986, defendant was served with the arrest warrant previously issued March 10, 1986. He was tried and convicted

on these charges on November 5, 1986, 240 days after the informations were filed.

The defendant in *Jackson* argued that the State was required to try him within 120 days from the filing of the information. Our court disagreed, holding that the controlling speedy-trial statute was the 160-day limit contained in section 103—5(b) of the Code (see Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)), as incorporated in the intrastate detainers provision, section 3—8—10 of the Unified Code of Corrections (Unified Code) (see Ill. Rev. Stat. 1985, ch. 38, par. 1003—8—10). Under the terms of section 3—8—10 of the Unified Code (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10), the 160-day limit provided in section 103—5(b) of the Code is applicable to a person committed to any institution or facility or program of the DOC (except for persons sentenced to death) who has an untried complaint or indictment pending against him. Furthermore, section 103—5(b) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b)) requires that the 160-day limit runs from the date defendant demands trial. The only indication in the record that defendant demanded trial occurred on February 18, 1992, when defense counsel stated that defendant wished to proceed to trial. His trial began two weeks later.

We find no discernible reason for distinguishing between the parole violation in *Jackson* and the revocation of probation in the case at hand. In both cases the defendants were properly committed to the DOC and therefore governed by section 3—8—10 of the Unified Code. (See *People v. Wiseman* (1990), 195 Ill. App. 3d 1062, 553 N.E.2d 46.) The motion to dismiss was properly denied.

Finally, defendant claims the trial court improperly denied sentence credit for time spent in custody between the date of his arrest (May 25, 1991) until the date he posted bond (June 10, 1991). The State concedes that defendant is properly owed a credit of 17 days for this time spent in custody, but argues that the order of judgment and sentence should be corrected to show the number of days of credit to which defendant is entitled. The order of judgment and sentence states that: "[d]efendant has been in continuous custody on this charge since he was apprehended in the State of Florida." The State contends that defendant was not returned to custody until October 16, 1991, and is therefore not entitled to credit for any time spent in custody in Florida.

Defendant was arrested in Florida on August 18, 1991, and, on September 26, 1991, the Florida court sentenced him to 24 months' unsupervised probation and 40 days of time served. This 40 days' incarceration apparently involved the time between his arrest and his

sentencing date. Defendant remained in custody in Florida from September 26, 1991, until he was returned to custody in Illinois on October 16, 1991. The State contends that defendant was not in Illinois custody until he was arrested on October 16, 1991, and surprisingly concludes that defendant was "no doubt not in custody at all" from September 26 to October 16, 1991.

■ A defendant is not entitled to credit for time spent in custody while incarcerated in another State as the result of a crime committed there. (*People v. Gardner* (1988), 172 Ill. App. 3d 763, 768, 527 N.E.2d 155, 158.) Once the Florida court sentenced defendant to time already served, the only explanation for his continued incarceration is that he was being held on the arrest warrants issued from McLean County, Illinois. Section 5—8—7(b) of the Unified Code provides that an offender shall be given sentence credit for time spent in custody as a result of the offense for which the sentence was imposed. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7(b).) Accordingly, defendant's sentence credit should be calculated to begin on September 26, 1991.

An offender is properly denied sentence credit for those days spent serving a prison term for a prior unrelated offense. (*People v. Krankel* (1985), 131 Ill. App. 3d 887, 476 N.E.2d 777.) A petition to revoke defendant's probation on an unrelated offense was granted, and he began serving a two-year sentence on the separate offense November 21, 1991. Thus, defendant is entitled to sentence credit in this case from September 26 to only November 21, 1991, plus the 17 days spent in custody from May 25 to June 10, 1991.

Affirmed in part; reversed in part and cause remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.