NOTICE
Decision filed 09/26/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220725-U

NO. 5-22-0725

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Pope County. |
| | ) | |
| v. | ) | No. 16-CF-1 |
| | ) | |
| MATTHEW C. WERNER, | ) | Honorable |
| | ) | Joseph M. Leberman, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: By statute, defendant's sentence in Kentucky for crimes committed there was presumptively consecutive to his previously imposed Illinois sentence and the record does not reflect an order making the sentences concurrent. Thus, the circuit court properly dismissed defendant's postconviction petition contending that the sentences were concurrent. Further, no procedural error occurred where the circuit court and defense counsel complied with applicable supreme court rules. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Matthew C. Werner, appeals the circuit court's order summarily dismissing his postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant

1

of its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal and OSAD's motion supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4        In 2016, defendant pleaded guilty to residential burglary in case No. 16-CF-1 in exchange for an eight-year prison sentence. The circuit court gave him a "furlough" until 7:30 p.m. to turn himself in. The court cautioned him that if he failed to report he would be charged with escape and any sentence imposed for that offense would be consecutive to the burglary sentence.

¶ 5        Although the facts are not included in the record, it appears that defendant failed to report as scheduled and was charged with escape. In case No. 16-CF-23, he pleaded guilty to escape. He was sentenced to three years' imprisonment to run consecutive to the sentence in 16-CF-1. In the meantime, he had been sentenced to prison in Kentucky for crimes he committed there. The escape sentence was to be consecutive to that term as well.

¶ 6        On September 19, 2022, defendant filed a postconviction petition claiming that the Department of Corrections (DOC) had miscalculated his release date. Defendant apparently believed that his sentence in 16-CF-1 was running concurrently with his Kentucky sentence, but was surprised to learn, after completing his sentence in Kentucky, that the DOC was requiring him to complete his burglary sentence before beginning his sentence for escape. The circuit court summarily dismissed the petition and defendant timely appealed.

¶ 7                                    ANALYSIS

¶ 8        OSAD concludes that neither Illinois law nor the record in this case supports an argument that defendant's Kentucky sentence was to be concurrent to his Illinois sentences and, thus, there

2

is no reasonably meritorious argument that the circuit court erred in dismissing his petition. We agree.

¶ 9   Defendant's claim proceeds from the premise that his burglary sentence was to be served concurrently with his Kentucky sentence. Section 5-8-4(e) of the Unified Code of Corrections provides as follows:

"If an Illinois court has imposed a sentence of imprisonment on a defendant and the defendant is subsequently sentenced to a term of imprisonment by a court of another state or a federal court, then the Illinois sentence shall run consecutively to the sentence imposed by the court of the other state or the federal court. That same Illinois court, however, may order that the Illinois sentence run concurrently with the sentence imposed by the court of the other state or the federal court, but only if the defendant applies to that same Illinois court within 30 days after the sentence imposed by the court of the other state or the federal court is finalized." 730 ILCS 5/5-8-4(e) (West 2020).

¶ 10   OSAD represents that information received from Kentucky shows that defendant's sentence in that state was imposed for crimes committed there after the Illinois burglary. Thus, section 5-8-4(e) provides that defendant's Illinois sentence is consecutive to that sentence unless defendant filed a motion in Illinois asking that they run concurrently. Nothing in the record shows that defendant filed such a motion. Thus, the circuit court properly held that the sentences are consecutive.

¶ 11   To the extent defendant's argument could be construed as seeking credit against his Illinois sentence for time spent in Kentucky custody, this argument also fails. "[A] defendant is not entitled to credit for time spent in custody while incarcerated in another state as a result of a crime committed there." *People v. Evans*, 391 Ill. App. 3d 470, 472-73 (2009) (citing *People v. Clinard*,

3

242 Ill. App. 3d 414, 417 (1993)).  As there is no basis for defendant's claim that he discharged his burglary sentence while imprisoned in Kentucky, the circuit court properly dismissed the petition.

¶ 12 OSAD further contends that there is no meritorious argument that the court committed procedural error in dismissing the petition.  A circuit court may summarily dismiss a postconviction petition only within the first 90 days after filing.  725 ILCS 5/122-2.1(a) (West 2020).  Furthermore, the State is precluded from providing input at this stage.  *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).  Here, defendant filed his petition on September 19, 2022.  The court summarily dismissed it on October 17, 2022, without input from the State, well within the 90-day limit.

¶ 13                                     CONCLUSION

¶ 14 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 15 Motion granted; judgment affirmed.